PROB 12C
(Rev.2011)

# United States District Court
## for
## Middle District of Tennessee

## Superseding Petition for Summons for Offender Under Supervision
## [Supersedes Petition Filed as Docket Entry No. 64]

Name of Offender: <u>Michael Parrish</u>  Case Number: <u>3:06-00182</u>

Name of Sentencing Judicial Officer: <u>The Honorable Kevin H. Sharp, Chief U. S. District Judge</u>

Date of Original Sentence: <u>June 15, 2007</u>

Original Offense: <u>18 U.S.C. §§ 922 (g)(1) and 924, Felon in Possession of a Firearm</u>

Original Sentence: <u>77 months' custody and 3 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>  Date Supervision Commenced: <u>June 5, 2013</u>

Assistant U.S. Attorney: <u>Clay Lee</u>  Defense Attorney: <u>Sumter L. Camp</u>

## PETITIONING THE COURT

__X__  To consider the additional violation/information

**THE COURT ORDERS:**

☐ No Action
☐ The Issuance of a Warrant:
   ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☒ The Consideration of Additional Alleged Violations/Information
☐ Other

Considered this _17th_ day of _March_, 2016,
and made a part of the records in the above case.

_____
Kevin H. Sharp
Chief U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Zachary Johnson
U.S. Probation Officer

Place  Nashville, TN

Date  March 16, 2016

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No.**64**, has been amended as follows:

**Violation No. 2-has been amended to include two additional positive drug tests**

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.    Nature of Noncompliance

1.    **The defendant shall not commit another federal, state or local crime.**

On January 13, 2016, Mr. Parrish was issued a citation for Driving on a Suspended License. On February 5, 2016, he was convicted of the reduced charge of No Driver's License and ordered to pay $225.23 in court costs and fines.

2.    **The defendant shall refrain from unlawful use of a controlled substance.**

On February 10, 2016, Mr. Parrish reported for drug testing and admitted using cocaine during the previous week, as a result of frustration with his wife. **On February 16, and February 29, 2016, Mr. Parrish tested positive for cocaine.**

3.    **The defendant shall maintain verifiable employment subject to the approval of the United States Probation Office and provide his wage statement to the probation officer.**

Mr. Parrish has failed to obtain employment since he began supervised release, despite the probation officer's various referrals for job placement agencies and job training programs.

4.    **The defendant shall follow the instructions of the probation officer.**

Mr. Parrish has reported to the probation officer that he is making efforts to apply for disability income. He has been repetitively instructed to obtain verification of his efforts to obtain disability income. He has failed to provide documentation of his efforts as instructed. On February 5, 2016, he reported to the probation officer that he has not contacted the Social Security Administration as he has been repetitively instructed by the probation officer to do.

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Parrish began supervised release on June 5, 2013. He is scheduled to terminate supervised release on June 4, 2016. A modification hearing was held before Your Honor on July 22, 2013, to add a substance abuse treatment condition, as Mr. Parrish has a history of substance abuse and the Bureau of Prisons recommended further substance abuse treatment.

On September 3, 2013, a petition requesting a warrant was submitted to Your Honor to report that Mr. Parrish was arrested for new criminal charges, tested positive for cocaine, and failed to participate in substance abuse treatment. A warrant was issued by Your Honor.

As a result of the new criminal charges, Mr. Parrish's state probation was revoked, and he was incarcerated in the Tennessee Department of Correction for approximately 16 months. After completing his state sentence, Mr. Parrish was transferred to federal custody. On December 19, 2014, Mr. Parrish was ordered to be released from custody pending the revocation hearing before Your Honor. In January 2015, Mr. Parrish was referred to substance abuse treatment and has continued to participate since that time. On March 30, 2015, a revocation hearing was held before Your Honor. Mr. Parrish was ordered to be reinstated to supervised release until the date of completion on June 4, 2016.

On January 5, 2016, a petition requesting no action was submitted to the Court to report that on Mr. Parrish was issued a citation for Driving on a Suspended License in September 2015, failed to notify that probation office 10 days prior to a change in residence, and was charged with Possession or Casual Exchange of a Controlled Substance in November 2015. No action was ordered by the Court at that time. On February 1, 2016, the charge of Possession or Casual Exchange of a Controlled Substance was dismissed in Davidson County General Sessions Court. The charge of Driving on a Suspended License is still pending. The next court date is scheduled for February 19, 2016, in Davidson County General Sessions Court.

**On February 12, 2016, a petition was submitted to the Court alleging that Mr. Parrish was cited for Driving on a Suspended License; admitted to using, and tested positive for, cocaine, and failed to obtain employment. The Court issued a summons.**

**On February 16, and February 29, 2016, Mr. Parrish submitted positive urinalysis tests for cocaine. Both dates Mr. Parrish denied the use of illicit drugs.**

**On March 11, 2016, Mr. Parrish reported to the probation office and was served his summons for the alleged violations of supervised release. Mr. Parrish was brought before Honorable U.S. Magistrate Judge Joe Brown for his initial appearance. Mr. Parrish was released on his previously ordered conditions of supervised release and we await a date for a revocation hearing.**

Despite the efforts of the probation office, Mr. Parrish continues to disregard the conditions of his supervised release.

### Update of Offender Characteristics:

Mr. Parrish resides with his wife in Nashville, Tennessee.

### U.S. Probation Officer Recommendation:

**It is respectfully recommended that the Court consider the additional violation/information reported above.**

This matter has been discussed with the U.S. Attorney's office, who concurs with the recommendation.

Approved: _____
Vidette Putman
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. MICHAEL PARRISH, CASE NO. 3:06-00182

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003  **PROTECT ACT PROVISIONS**

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C Felony) 18 U.S.C. § 3583(e)(3) | 8-14 months U.S.S.G. § 7B1.4(a) | No Recommendation |
| SUPERVISED RELEASE: | 3 years minus any term of imprisonment 18 U.S.C. § 3583(h) | 1-3 years U.S.S.G. § 5D1.2(a)(2) | No Recommendation |

18 U.S.C.§ 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Upon a finding a Grade C violation, the Court may revoke probation or supervised release; or extend the term of probation or supervised release and/or modify the conditions of supervision.

Respectfully Submitted,

_____
Zachary Johnson
U.S. Probation Officer

Approved: _____
Vidette Putman
Supervisory U.S. Probation Officer